AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>SCOTT KEMERY<br><br>*Defendant(s)* | Case No. 11-6211-BSS |

FILED BY _____ D.C.
2011 APR 19 PM 2:07
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __April 14, 2011__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code §§841 (a)(1) and (b)(1)(A), all in violation of Title 21. | Possession with Intent to Distribute a Controlled Substance, that is fifty (50) grams or more of Methamphetamine. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

DEA Special Agent Karen R. Berra
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 04/19/2011

_____
Judge's signature

City and state: Fort Lauderdale, Florida

U.S. Magistrate Judge Barry S. Seltzer
*Printed name and title*

# AFFIDAVIT
# OF
# KAREN R. BERRA
# SPECIAL AGENT
# DRUG ENFORCEMENT ADMINISTRATION

I, Karen R. Berra, being duly sworn, depose and state as follows:

1. I am a Special Agent of the Drug Enforcement Administration (DEA) assigned to the Fort Lauderdale, Florida District Office. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1). I have been a Special Agent with DEA, assigned to the Fort Lauderdale District Office, since June 2009. Prior to becoming a DEA Special Agent, I was a Police Officer with the St. Louis County Police Department, St. Louis, Missouri, from 1997 until joining DEA. During my employment as a Police Officer, I was assigned to the Bureau of Drug Enforcement in 2001 as a Detective and Narcotics Canine Handler and tasked with investigating drug related crimes. Thereafter, I was assigned in that capacity to the DEA Task Force from 2005 to 2009. Over the past 14 years, I have participated in numerous narcotics and money laundering investigations. Through my training, education, and experience, I have become familiar with the manner in which illegal drugs are imported and distributed, the methods of payment for such drugs, and the efforts of persons involved in such activity to avoid detection by law enforcement, as well as methods used to finance drug transactions and launder drug proceeds.

2. I submit this affidavit based on information known to me personally from the investigation, as well as information obtained from others who were directly involved in the

matter or have personal knowledge of the facts herein. The affidavit does not include all the information known to me, but only that information necessary to establish probable cause for the arrest of Scott KEMERY for Possession with Intent to Distribute over fifty (50) grams of Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

3. On April 14, 2011, detectives with the Broward County Sheriff's Office Narcotics Interdiction Unit were contacted by FEDEX security in reference to a package they had received addressed to "KEMERY" at the address of 315 N.E. 3rd Ave. #2104, Fort Lauderdale, Florida. The sender information on the package reflected the name "Joe Naples" and the address of 451 W. 59th St., New York, New York. FEDEX security advised law enforcement that they had performed an administrative search of the package which revealed that the package contained approximately 60 grams of suspected crystal methamphetamine.

4. Detectives from the Broward County Sheriff's Office, Major Narcotics Unit, responded to the FEDEX office located at 1000 S.W. 34th Street, Fort Lauderdale, Florida. FEDEX security turned the package over to the detectives who conducted a field test of the substance which yielded a positive result for methamphetamine. The package was then sealed shut and a controlled delivery of the package was made to Scott KEMERY at his residence located at 315 N.E. 3rd Ave, Fort Lauderdale, Florida during which KEMERY admitted the package was his and that it contained methamphetamine. KEMERY further stated that the methamphetamine was for his personal use.

5. Law enforcement agents then obtained a state search warrant for KEMERY'S residence which was executed at approximately 3:40 p.m. the same day. During the search of KEMERY'S residence an additional 5 grams of methamphetamine and approximately 500

grams of GBL (Gamma-Butyrolactone) were seized. GBL (Gamma-Butyrolactone) is a precursor for GHB. Post *Miranda*, KEMERY provided a sworn taped statement during which he admitted to having received approximately five to six additional packages containing approximately the same amount of methamphetamine as the instant package over the past year.

6. Based upon my training, experience, and, discussions with other law enforcement agents, I know that sixty-five grams of methamphetamine is an amount consistent with distribution rather than personal use.

AFFIANT FURTHER SAYETH NAUGHT.

S/ Karen R. Berra
KAREN R. BERRA, SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Subscribed and sworn to me
before this 19th day of April, 2011

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA